JULIUS POLLOCK. Respondent, *v.* GOUVERNEUR MORRIS, Appellant.

The provision of the New York city consolidation act (§ 993, chap. 410, Laws of 1882), providing that where no ownership of land taken for a street is named in the report of the commissioners or the owners named cannot be found, " it shall be lawful" for the city to pay the award into the Supreme Court is for the city's benefit; it is one which it may adopt and plead as a defense, but to which it is not compelled to resort.

Where, therefore, an action was brought in the Superior Court of said city against the city to recover an award, to which a claim was also made by a third person, and an order of interpleader was granted, substituting said third person as defendant in place of the city, and discharging the latter, upon its paying into the hands of the chamberlain to the credit of the action the amount of the award, with which order the city complied. *Held*, that the defendant so substituted could not attack the jurisdiction of the court because of said provision; and that the action was maintainable.

(Submitted April 27, 1887; decided May 13, 1887.)

THE following extract from the opinion in this action contains a statement of the only material question discussed:

" The action was brought in the Superior Court of the city of New York to recover an award for land taken in the opening of a street, and the city was the original defendant. A claim to the award was also made by Morris and an order of interpleader granted and entered substituting him as defendant and discharging the city upon its paying into the hands of the chamberlain to the credit of the action the amount of the award.

" The jurisdiction of the court was assailed upon the basis of a single provision of the statute. (Laws of 1882, chap.

410, § 993.)   The enactment is that where no ownership is named in the report of the commissioners or the owners named cannot be found, "it shall be lawful" for the city to pay the award "into the said Supreme Court" to be disposed of by it.   This is a provision for the city's benefit, which it may adopt and plead as a defense; but to which it is not compelled to resort.   It did not adopt it in the present case and made no such defense, but admitting its liability to the true owner brought the money into the court in which it was sued and left it there to the credit of the action.   That such action could be maintained for the award we have heretofore decided.   (*Fisher* v. *Mayor, etc.*, 57 N. Y. 344; *Spears* v. *Mayor, etc.*, 87 id. 359.)"

*W. Stebbins Smith* for appellant.

*James R. Marvin* for respondent.

FINCH, J., reads for affirmance.
All concur.
Judgment affirmed.